IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RICKEETA L. LOCKARD | : | |
| | : | |
| v. | : | Civil Action No. DKC 14-1634 |
| | | Criminal Case No. TMD 13-9449 |
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | |

**ORDER**

On November 21, 2013, Petitioner Rickeeta Lockard appeared before United States Magistrate Judge Thomas M. DiGirolamo and pleaded guilty to driving under the influence of alcohol, in violation of 36 C.F.R. § 4.23(a)(2). On the same date, she was sentenced to a term of probation of one year. The judgment of conviction was entered on December 3, 2013, and Petitioner did not file a notice of appeal.

On May 13, 2014, she filed the pending motion for a writ of error coram nobis in which she asserts that her Maryland driver's license has been suspended as a result of her plea and that, because she is employed as a WMATA bus driver, her job is threatened. (ECF No. 19). She appears to fault both the court and her trial counsel for failing to advise her of the potential collateral consequences of her plea, and seeks vacatur of her conviction.

Coram nobis relief, however, is not available until "a petitioner has completed the sentence at issue." *Oriakhi v. United States*, Civ. No. MJG-13-271, 2013 WL 524787, at *1 (D.Md. Feb. 12, 2013 (citing 28 U.S.C. § 1651; *United States v. Morgan*, 346 U.S. 502, 512-13 (1954)). Moreover, a coram nobis petitioner must show that "a more usual remedy is not available[.]" *United States v. Bazuaye*, 399 Fed.Appx. 822, 824 (4th Cir. 2010); *cf. Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) ("where a federal convict cannot bring a § 2255 petition because he or she is no longer in federal custody, *Morgan* permits federal courts to entertain coram nobis applications in 'extraordinary cases presenting circumstances compelling its use to achieve justice.'" (quoting *United States v. Denedo*, 556 U.S. 904, 911 (2009)). Insofar as Petitioner is currently serving her term of probation – and, therefore, satisfies the "in custody" requirement – and "a more usual remedy" is available – namely, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 – her motion, as presently crafted, cannot stand.

As noted, Petitioner's motion is cognizable as a § 2255 petition, which must be decided by a district judge absent the parties' consent and the court's referral. *See Camarillo-Chagoya v. Hogsten*, 553 Fed.Appx. 341, 342 (4th Cir. 2014). Prior to considering the merits of any claim under § 2255,

however, the court must provide Petitioner with an opportunity either to withdraw the present motion or to amend it to bring "all the § 2255 claims [s]he believes [s]he has." *Castro v. United States*, 540 U.S. 375, 384 (2003).

ACCORDINGLY, it is this 11th day of June, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Petitioner's motion for writ of error coram nobis (ECF No. 19) is construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255;

2. Within fourteen (14) days, Petitioner may either withdraw the motion or supplement it to include any claims she may wish to bring pursuant to § 2255, but if she fails to do either, the motion will be construed as a § 2255 petition and decided as such; and

3. The clerk is directed to transmit this Order to counsel for the parties.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge